IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BLACK TIE TUXES, INC. a/k/a | ) |
| BLACK TIE FORMALWEAR, | ) |
| KENNETH W. BLANK, and | ) |
| SAMUEL J. CARLSON, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action against defendants Black Tie Tuxes, Inc., also known as Black Tie Formalwear ("Black Tie Tuxes"), Kenneth W. Blank, and Samuel J. Carlson to (1) enjoin them from continuing to operate a business without paying the associated federal employment taxes on their employees' wages, and (2) reduce to judgment unpaid federal tax liabilities owed by Black Tie Tuxes, Inc. For its complaint, the United States alleges as follows:

**JURISDICTION AND PARTIES**

1. The district court has jurisdiction pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. Defendant Black Tie Tuxes is an Illinois Subchapter S Corporation, which operates a tuxedo rental business within this district.

3. Defendant Kenneth W. Blank is the President of Black Tie Tuxes.

4. Defendant Samuel J. Carlson is the General Manager of Black Tie Tuxes.

1

**COUNT ONE**
**(Injunction)**

5. At all times relevant to this action, Black Tie Tuxes has had employees and, as an employer, the company has been subject to federal employment tax obligations imposed by the Internal Revenue Code, including the duties to:

   a. Withhold, account for, and pay over an estimated amount of income tax for each employee from each paycheck as required by 26 U.S.C. §§ 3402 and 3403;

   b. Withhold, account for, and pay over the employee portion of the tax imposed upon wages by the Federal Insurance Contributions Act (FICA) and Medicare from each employee's paycheck as required by 26 U.S.C. §§ 3101, 3102, and 3403;

   c. Pay the employer portion of the tax imposed upon employee wages by FICA and Medicare as required by 26 U.S.C. § 3111(a) and (b);

   d. Submit Form 941 (Employer's Quarterly Federal Tax Return) to the United States, along with any withheld employee income tax, withheld employee FICA and Medicare tax, and the employer FICA and Medicare tax not already deposited on or before the legal due date (approximately 30 days after the close of each calendar quarter) as required by 26 U.S.C. § 6011 and 26 C.F.R. §§ 31.6011(a)-1(a) and 31.6071(a)-1;

   e. Submit Form 940 (Employer's Annual Federal Unemployment Tax Return) to the United States along with payment of tax as required by the Federal Unemployment Tax Act (FUTA), *see* 26 U.S.C. § 6011 and 26 C.F.R. § 31.6011(a)-3 and 26 U.S.C. § 3301;

    f.    Make federal tax deposits of a frequency required by the Internal Revenue Code and implementing regulations as required by 26 U.S.C. § 6302 and 26 C.F.R. §§ 31.6302-1, 31.6302(c)-3.

6.    Since 2010, the IRS has attempted to bring Black Tie Tuxes into compliance with its federal employment tax obligations and to collect past-due employment taxes from the company, including by:

    a.    Recording Notices of Federal Tax Lien against Black Tie Tuxes for all tax periods with balances due;

    b.    Levying on Black Tie Tuxes' bank accounts;

    c.    Hand delivering to Black Tie Tuxes' president, Kenneth W. Blank, at the corporation's place of business, an IRS Letter 903 and Notice 931 which placed Black Tie Tuxes on notice that if it continued to fail to comply with its employment tax obligations, the IRS might pursue a suit for a civil injunction;

    d.    Assessing trust fund recovery penalties, under 26 U.S.C. § 6672, against its responsible officers, Kenneth W. Blank and Samuel J. Carson, making them personally liable for the portion of Black Tie Tuxes unpaid employment taxes withheld from their employees' wages ("trust fund" portion).

7.    The IRS has provided Black Tie Tuxes multiple deadlines to become current on its employment tax obligations, yet Black Tie Tuxes has not made federal tax deposits.

8.    IRS collection efforts have been unsuccessful because the corporation owns few assets upon which to levy.

9. For various tax periods from 2008 (the year of Black Tie Tuxes' incorporation) to the present, the company has failed to comply with its federal tax obligations and has repeatedly withheld taxes from its employees but failed to remit those taxes to the IRS as mandated by law.

10. Such activity has been and continues to be a drain on the United States Treasury.

11. Black Tie Tuxes has a long history of failing to timely file federal employment (Form 941) and unemployment (Form 940) tax returns, as well as failing to make the requisite tax payments of the liabilities thereunder, which continues to this date.

12. Black Tie Tuxes began reporting payroll in the second quarter of 2008, and began accumulating unpaid payroll tax liabilities since the third quarter of 2008.

13. Black Tie Tuxes has not made any Federal Tax Deposits for Form 940 returns for tax years 2008 through 2016.

14. The defendants' continued noncompliance has resulted in an amount due for employment taxes and related penalties that exceeds $556,397.90, as of May 6, 2019, plus such additional amounts as may continue to accrue as provided by law.

15. Black Tie Tuxes continues to incur liabilities with each passing quarter and has not demonstrated a willingness to comply with its obligations under the Internal Revenue Code.

16. Black Tie Tuxes' pyramiding undermines the administrative tools available to the IRS for collection of delinquent taxes, as indicated by the substantial liabilities incurred by the company.

17. An injunction against Black Tie Tuxes and its officers (including through any other entity that either officer may conduct business), requiring them to comply with their federal employment tax obligations is necessary and appropriate for several reasons, including:

a. Traditional collection methods have not convinced the defendants to stop pyramiding employment tax liabilities;

b. Anything other than an injunction will encourage Black Tie Tuxes, Kenneth W. Blank, and Samuel J. Carlson to continue pyramiding which gives the corporation or any similar entity the defendants may form an unfair advantage over its law-abiding competitors;

c. For each quarter that Black Tie Tuxes fails to pay its employment taxes, the unpaid employee income taxes must nevertheless by law be credited to the individuals from whose wages the taxes are withheld. Similarly, the unpaid FICA and Medicare taxes (withheld portion and employer's portion) must by law be credited to the employees for purposes of eligibility for social security and Medicare benefits. In effect, Black Tie Tuxes is stealing trust funds, withheld as taxes, from the government.

d. As of May 6, 2019, Black Tie Tuxes had unpaid liabilities for employment tax (Form 941) for 34 quarters ending between December 31, 2008 and June 30, 2017, altogether totaling $431,226.15, with statutory accruals as of May 6, 2019; for unemployment tax (Form 940) for 2008 through 2016 totaling $49,866.69, with statutory accruals as of May 6, 2019; and for penalties for failure to file correct information returns totaling $75,305.06, with statutory accruals as of May 6, 2019. These outstanding balances, totaling $556,397.90, remain unpaid and continue to accrue interest;

e. An injunction will not injure Black Tie Tuxes as it will merely compel it to conduct business and pay employment taxes like every other law-abiding business

in the United States. Moreover, an injunction will protect the public's interest in fair competition by halting Black Tie Tuxes' illegal practices and leveling the playing field with its tax-compliant competitors.

**COUNT TWO**
**(Claim to Reduce Income Tax Liabilities to Judgment against Black Tie Tuxes, Inc.)**

18. A delegate of the Secretary of the Treasury made assessments against Black Tie Tuxes for employment and unemployment taxes and penalties for the periods, on the dates, and in the amounts described below, which have balances due with interest, accruals, and costs as of May 6, 2019, as follows:

| Tax Type | Tax Period Ending | Assessment Date | Assessment Type | Assessed Amount | Balance Due |
|---|---|---|---|---|---|
| 941 | 12/31/2008 | 4/6/2009 | Tax | $18,407.99 | $10,100.15 |
| | | 4/6/2009 | Deposit Penalty | $1,840.79 | |
| | | 4/6/2009 | Late Payment Penalty | $276.12 | |
| | | 5/11/2009 | Deposit Penalty | $920.40 | |
| | | 12/5/2011 | Late Payment Penalty | $4,217.13 | |
| 941 | 3/31/2009 | 5/16/2011 | Tax | $14,980.02 | $34,164.80 |
| | | 5/16/2011 | Late Filing Penalty | $3,370.50 | |
| | | 5/16/2011 | Deposit Penalty | $1,498.00 | |
| | | 5/16/2011 | Late Payment Penalty | $1,872.50 | |
| | | 6/20/2011 | Deposit Penalty | $749.00 | |
| | | 12/14/2015 | Late Payment Penalty | $1,872.50 | |
| 941 | 6/30/2009 | 5/16/2011 | Tax | $17,316.74 | $39,141.20 |
| | | 5/16/2011 | Late Filing Penalty | $3,896.27 | |
| | | 5/16/2011 | Deposit Penalty | $1,731.67 | |
| | | 5/16/2011 | Late Payment Penalty | $1,904.84 | |
| | | 6/20/2011 | Deposit Penalty | $865.84 | |
| | | 12/14/2015 | Late Payment Penalty | $2,424.35 | |
| 941 | 9/30/2009 | 5/16/2011 | Tax | $16,176.24 | $36,236.48 |
| | | 5/16/2011 | Late Filing Penalty | $3,639.65 | |
| | | 5/16/2011 | Deposit Penalty | $1,617.62 | |
| | | 5/16/2011 | Late Payment Penalty | $1,536.74 | |
| | | 6/20/2011 | Deposit Penalty | $808.81 | |
| | | 12/14/2015 | Late Payment Penalty | $2,507.32 | |
| 941 | 12/31/2009 | 5/16/2011 | Tax | $14,032.26 | $31,152.73 |
| | | 5/16/2011 | Late Filing Penalty | $3,157.26 | |
| | | 5/16/2011 | Deposit Penalty | $1,403.22 | |
| | | 5/16/2011 | Late Payment Penalty | $1,122.58 | |

| | | | | | |
|---|---|---|---|---|---|
| | | 6/20/2011 | Deposit Penalty | $701.61 | |
| | | 12/14/2015 | Late Payment Penalty | $2,385.48 | |
| 941 | 3/31/2010 | 5/16/2011 | Tax | $13,466.22 | $29,636.27 |
| | | 5/16/2011 | Late Filing Penalty | $3,029.90 | |
| | | 5/16/2011 | Deposit Penalty | $1,346.62 | |
| | | 5/16/2011 | Late Payment Penalty | $875.30 | |
| | | 6/20/2011 | Deposit Penalty | $673.31 | |
| | | 12/14/2015 | Late Payment Penalty | $2,491.26 | |
| 941 | 6/30/2010 | 5/16/2011 | Tax | $17,616.36 | $38,226.82 |
| | | 5/16/2011 | Late Filing Penalty | $3,963.68 | |
| | | 5/16/2011 | Deposit Penalty | $1,761.63 | |
| | | 5/16/2011 | Late Payment Penalty | $704.65 | |
| | | 6/20/2011 | Deposit Penalty | $880.82 | |
| | | 12/14/2015 | Late Payment Penalty | $3,699.44 | |
| 941 | 9/30/2010 | 5/16/2011 | Tax | $16,683.66 | $36,063.10 |
| | | 5/16/2011 | Late Filing Penalty | $3,753.82 | |
| | | 5/16/2011 | Deposit Penalty | $1,668.37 | |
| | | 5/16/2011 | Late Payment Penalty | $583.93 | |
| | | 6/20/2011 | Deposit Penalty | $834.18 | |
| | | 12/14/2015 | Late Payment Penalty | $3,586.99 | |
| 941 | 12/31/2010 | 5/16/2011 | Tax | $14,963.24 | $17,682.93 |
| | | 5/16/2011 | Late Filing Penalty | $2,020.04 | |
| | | 5/16/2011 | Deposit Penalty | $1,496.32 | |
| | | 5/16/2011 | Late Payment Penalty | $299.26 | |
| | | 6/20/2011 | Deposit Penalty | $748.16 | |
| | | 12/14/2015 | Late Payment Penalty | $2,054.14 | |
| 941 | 3/31/2011 | 7/2/2012 | Tax | $15,992.90 | $14,075.11 |
| | | 7/2/2012 | Late Filing Penalty | $1,267.38 | |
| | | 7/2/2012 | Deposit Penalty | $1,599.24 | |
| | | 7/2/2012 | Late Payment Penalty | $1,199.47 | |
| | | 8/6/2012 | Deposit Penalty | $799.64 | |
| | | 12/14/2015 | Late Payment Penalty | $901.25 | |
| 941 | 6/30/2011 | 7/16/2012 | Tax | $16,125.90 | $31,226.76 |
| | | 7/16/2012 | Late Filing Penalty | $3,328.42 | |
| | | 7/16/2012 | Deposit Penalty | $1,412.52 | |
| | | 7/16/2012 | Late Payment Penalty | $967.55 | |
| | | 8/20/2012 | Deposit Penalty | $806.29 | |
| | | 12/14/2015 | Late Payment Penalty | $2,730.69 | |
| 941 | 9/30/2011 | 1/2/2012 | Tax | $17,244.63 | $21,228.17 |
| | | 1/2/2012 | Late Payment Penalty | $198.67 | |
| | | 12/14/2015 | Late Payment Penalty | $3,112.49 | |
| 941 | 12/31/2011 | 7/9/2012 | Tax | $16,258.90 | $20,115.00 |
| | | 7/9/2012 | Late Filing Penalty | $1,789.86 | |
| | | 7/9/2012 | Deposit Penalty | $678.61 | |
| | | 7/9/2012 | Late Payment Penalty | $487.77 | |
| | | 8/13/2012 | Deposit Penalty | $812.94 | |

7

|  |  |  | 12/14/2015 | Late Payment Penalty | $2,038.45 |  |
|---|---|---|---|---|---|---|
| 941 | 6/30/2012 | 9/17/2012 | Tax | $2,331.86 | $231.01 |
|  |  | 9/17/2012 | Late Payment Penalty | $1.00 |  |
|  |  | 12/14/2015 | Late Payment Penalty | $19.50 |  |
|  |  | 12/12/2016 | Late Payment Penalty | $4.50 |  |
| 941 | 9/30/2012 | 7/10/2017 | Tax | $20,314.04 | $4,085.59 |
|  |  | 7/10/2017 | Late Filing Penalty | $486.26 |  |
|  |  | 7/10/2017 | Late Payment Penalty | $5,078.51 |  |
| 941 | 12/31/2012 | 7/10/2017 | Tax | $20,314.04 | $2,412.54 |
|  |  | 7/10/2017 | Late Payment Penalty | $5,066.81 |  |
|  |  | 7/10/2017 | Late Filing Penalty | $332.93 |  |
| 941 | 3/31/2013 | 7/10/2017 | Tax | $20,308.70 | $1,187.71 |
|  |  | 7/10/2017 | Late Filing Penalty | $148.48 |  |
|  |  | 7/10/2017 | Late Payment Penalty | $4,975.63 |  |
|  |  | 8/14/2017 | Late Payment Penalty | $101.54 |  |
| 941 | 6/30/2013 | 7/10/2017 | Tax | $21,842.45 | $1,704.80 |
|  |  | 7/10/2017 | Late Filing Penalty | $213.55 |  |
|  |  | 7/10/2017 | Late Payment Penalty | $5,242.19 |  |
|  |  | 8/14/2017 | Late Payment Penalty | $109.21 |  |
| 941 | 9/30/2013 | 7/10/2017 | Tax | $21,842.45 | $2,854.13 |
|  |  | 7/10/2017 | Late Filing Penalty | $359.78 |  |
|  |  | 7/10/2017 | Late Payment Penalty | $4,914.55 |  |
|  |  | 8/14/2017 | Late Payment Penalty | $109.21 |  |
| 941 | 12/31/2013 | 7/10/2017 | Tax | $21,842.45 | $5,558.76 |
|  |  | 7/10/2017 | Late Filing Penalty | $252.23 |  |
|  |  | 7/10/2017 | Deposit Penalty | $2,184.24 |  |
|  |  | 7/10/2017 | Late Payment Penalty | $4,586.91 |  |
|  |  | 8/14/2017 | Deposit Penalty | $1,092.12 |  |
|  |  | 8/14/2017 | Late Payment Penalty | $109.22 |  |
| 941 | 3/31/2014 | 7/10/2017 | Tax | $22,934.57 | $5,682.91 |
|  |  | 7/10/2017 | Late Filing Penalty | $252.88 |  |
|  |  | 7/10/2017 | Deposit Penalty | $2,264.60 |  |
|  |  | 7/10/2017 | Late Payment Penalty | $4,415.97 |  |
|  |  | 8/14/2017 | Deposit Penalty | $1,132.30 |  |
|  |  | 8/14/2017 | Late Payment Penalty | $114.67 |  |
| 941 | 6/30/2014 | 7/10/2017 | Tax | $22,934.57 | $6,558.30 |
|  |  | 7/10/2017 | Late Filing Penalty | $367.15 |  |
|  |  | 7/10/2017 | Deposit Penalty | $2,264.60 |  |
|  |  | 7/10/2017 | Late Payment Penalty | $4,076.28 |  |
|  |  | 8/14/2017 | Deposit Penalty | $1,132.30 |  |
|  |  | 8/14/2017 | Late Payment Penalty | $114.67 |  |
|  |  | 12/10/2018 | Late Payment Penalty | $24.48 |  |
| 941 | 9/30/2014 | 7/10/2017 | Tax | $22,934.57 | $6,277.37 |
|  |  | 7/10/2017 | Late Filing Penalty | $333.36 |  |
|  |  | 7/10/2017 | Deposit Penalty | $2,264.60 |  |

8

|     |            |            |                      |             |            |
| --- | ---------- | ---------- | -------------------- | ----------- | ---------- |
|     |            | 7/10/2017  | Late Payment Penalty | $3,736.59   |            |
|     |            | 8/14/2017  | Deposit Penalty      | $1,132.30   |            |
|     |            | 8/14/2017  | Late Payment Penalty | $114.67     |            |
|     |            | 12/10/2018 | Late Payment Penalty | $44.45      |            |
| 941 | 12/31/2014 | 7/10/2017  | Tax                  | $22,934.57  | $2,560.90  |
|     |            | 7/10/2017  | Late Filing Penalty  | $375.12     |            |
|     |            | 7/10/2017  | Late Payment Penalty | $3,419.12   |            |
|     |            | 8/14/2017  | Deposit Penalty      | $1,135.03   |            |
|     |            | 8/14/2017  | Late Payment Penalty | $113.50     |            |
|     |            | 12/10/2018 | Late Payment Penalty | $50.16      |            |
| 941 | 3/31/2015  | 7/10/2017  | Tax                  | $24,081.30  | $2,000.16  |
|     |            | 7/10/2017  | Late Filing Penalty  | $262.51     |            |
|     |            | 7/10/2017  | Late Payment Penalty | $3,250.98   |            |
|     |            | 8/14/2017  | Late Payment Penalty | $120.40     |            |
|     |            | 12/10/2018 | Late Payment Penalty | $70.01      |            |
| 941 | 6/30/2015  | 7/10/2017  | Tax                  | $24,081.30  | $3,971.73  |
|     |            | 7/10/2017  | Late Filing Penalty  | $524.84     |            |
|     |            | 7/10/2017  | Late Payment Penalty | $2,889.76   |            |
|     |            | 8/14/2017  | Late Payment Penalty | $120.40     |            |
|     |            | 12/10/2018 | Late Payment Penalty | $174.95     |            |
| 941 | 9/30/2015  | 7/10/2017  | Tax                  | $24,081.30  | $3,763.97  |
|     |            | 7/10/2017  | Late Filing Penalty  | $500.86     |            |
|     |            | 7/10/2017  | Late Payment Penalty | $2,528.54   |            |
|     |            | 8/14/2017  | Late Payment Penalty | $120.40     |            |
|     |            | 12/10/2018 | Late Payment Penalty | $200.35     |            |
| 941 | 12/31/2015 | 7/10/2017  | Tax                  | $24,081.30  | $3,159.81  |
|     |            | 7/10/2017  | Late Filing Penalty  | $423.42     |            |
|     |            | 7/10/2017  | Late Payment Penalty | $2,146.26   |            |
|     |            | 8/14/2017  | Late Payment Penalty | $119.23     |            |
|     |            | 12/10/2018 | Late Payment Penalty | $197.60     |            |
| 941 | 3/31/2016  | 3/5/2018   | Tax                  | $1,614.32   | $2,742.86  |
|     |            | 3/5/2018   | Late Filing Penalty  | $363.22     |            |
|     |            | 3/5/2018   | Late Payment Penalty | $185.65     |            |
| 941 | 6/30/2016  | 3/5/2018   | Tax                  | $2,182.24   | $3,555.65  |
|     |            | 3/5/2018   | Late Filing Penalty  | $491.00     |            |
|     |            | 3/5/2018   | Late Payment Penalty | $218.22     |            |
| 941 | 9/30/2016  | 3/5/2018   | Tax                  | $2,557.65   | $4,091.04  |
|     |            | 3/5/2018   | Late Filing Penalty  | $575.47     |            |
|     |            | 3/5/2018   | Late Payment Penalty | $217.40     |            |
| 941 | 12/31/2016 | 7/10/2017  | Tax                  | $24,967.25  | $2,775.89  |
|     |            | 7/10/2017  | Late Filing Penalty  | $319.11     |            |
|     |            | 7/10/2017  | Late Payment Penalty | $749.02     |            |
|     |            | 12/10/2018 | Late Payment Penalty | $195.01     |            |
| 941 | 3/31/2017  | 11/6/2017  | Tax                  | $2,043.20   | $3,092.16  |
|     |            | 11/6/2017  | Late Filing Penalty  | $367.78     |            |
|     |            | 11/6/2017  | Late Payment Penalty | $71.51      |            |

9

|   |   | 12/10/2018 | Late Payment Penalty | $255.40 |   |
|---|---|---|---|---|---|
| 941 | 6/30/2017 | 11/13/2017 | Tax | $2,923.47 | $3,909.34 |
|   |   | 11/13/2017 | Late Filing Penalty | $131.56 |   |
|   |   | 11/13/2017 | Late Payment Penalty | $58.47 |   |
|   |   | 12/10/2018 | Late Payment Penalty | $365.44 |   |
| 940 | 12/31/2008 | 7/16/2012 | Tax | $2,722.62 | $16,719.96 |
|   |   | 7/16/2012 | Late Filing Penalty | $291.46 |   |
|   |   | 7/16/2012 | Deposit Penalty | $58.17 |   |
|   |   | 7/16/2012 | Late Payment Penalty | $571.75 |   |
|   |   | 8/20/2012 | Deposit Penalty | $136.13 |   |
|   |   | 3/17/2014 | Deposit Penalty | $600.58 |   |
|   |   | 3/17/2014 | Additional Tax | $6,005.76 |   |
|   |   | 3/17/2014 | Late Filing Penalty | $1,465.75 |   |
|   |   | 5/19/2014 | Deposit Penalty | $300.29 |   |
|   |   | 12/14/2015 | Late Payment Penalty | $1,293.60 |   |
|   |   | 12/12/2016 | Late Payment Penalty | $240.23 |   |
| 940 | 12/31/2009 | 7/9/2012 | Tax | $2,784.62 | $14,739.55 |
|   |   | 7/9/2012 | Late Filing Penalty | $270.19 |   |
|   |   | 7/9/2012 | Late Payment Penalty | $417.69 |   |
|   |   | 5/26/2014 | Deposit Penalty | $556.88 |   |
|   |   | 5/26/2014 | Additional Tax | $5,568.81 |   |
|   |   | 5/26/2014 | Late Filing Penalty | $1,352.61 |   |
|   |   | 9/29/2014 | Deposit Penalty | $278.44 |   |
|   |   | 12/14/2015 | Late Payment Penalty | $1,104.46 |   |
|   |   | 12/12/2016 | Late Payment Penalty | $389.81 |   |
| 940 | 12/31/2010 | 7/9/2012 | Tax | $2,846.62 | $14,722.27 |
|   |   | 7/9/2012 | Late Filing Penalty | $278.33 |   |
|   |   | 7/9/2012 | Late Payment Penalty | $256.20 |   |
|   |   | 3/17/2014 | Deposit Penalty | $573.53 |   |
|   |   | 3/17/2014 | Additional Tax | $5,735.34 |   |
|   |   | 3/17/2014 | Late Filing Penalty | $1,393.60 |   |
|   |   | 5/19/2014 | Deposit Penalty | $286.77 |   |
|   |   | 12/14/2015 | Late Payment Penalty | $1,383.79 |   |
|   |   | 12/12/2016 | Late Payment Penalty | $229.41 |   |
| 940 | 12/31/2011 | 7/16/2012 | Tax | $2,533.31 | $2,352.64 |
|   |   | 7/16/2012 | Late Filing Penalty | $231.34 |   |
|   |   | 7/16/2012 | Late Payment Penalty | $76.00 |   |
|   |   | 12/14/2015 | Late Payment Penalty | $263.47 |   |
| 940 | 12/31/2012 | 11/6/2017 | Tax | $180.46 | $327.71 |
|   |   | 11/6/2017 | Late Filing Penalty | $40.60 |   |
|   |   | 11/6/2017 | Late Payment Penalty | $45.11 |   |
| 940 | 12/31/2013 | 11/6/2017 | Tax | $130.39 | $230.70 |
|   |   | 11/6/2017 | Late Filing Penalty | $29.34 |   |
|   |   | 11/6/2017 | Late Payment Penalty | $29.99 |   |
|   |   | 12/10/2018 | Late Payment Penalty | $2.61 |   |

| | | | | | |
|---|---|---|---|---|---|
| 940 | 12/31/2014 | 11/6/2017<br>11/6/2017<br>11/6/2017<br>12/10/2018 | Tax<br>Late Filing Penalty<br>Late Payment Penalty<br>Late Payment Penalty | $132.24<br>$29.75<br>$22.48<br>$10.58 | $227.68 |
| 940 | 12/31/2015 | 11/6/2017<br>11/6/2017<br>11/6/2017<br>12/10/2018 | Tax<br>Late Filing Penalty<br>Late Payment Penalty<br>Late Payment Penalty | $184.97<br>$41.62<br>$20.35<br>$23.12 | $309.83 |
| 940 | 12/31/2016 | 11/6/2017<br>11/6/2017<br>11/6/2017<br>12/10/2018 | Tax<br>Late Filing Penalty<br>Late Payment Penalty<br>Late Payment Penalty | $148.45<br>$33.40<br>$7.42<br>$18.55 | $236.35 |
| 6721 | 12/31/2008 | 1/2/2012 | Failure to File Penalty | $26,869.99 | $35,117.36 |
| 6721 | 12/31/2010 | 1/6/2014 | Failure to File Penalty | $31,523.17 | $38,705.38 |
| 6721 | 12/31/2012 | 11/2/2015 | Failure to File Penalty | $1,225.47 | $1,482.32 |
| **Total:** | | | | | $556,397.90 |

19. Notice of the liabilities described in paragraph 18 was given to, and payment demanded from, Black Tie Tuxes, Inc.

20. Despite proper notice and demand, Black Tie Tuxes failed, neglected, or refused to fully pay the liabilities, and after the application of all abatements, and credits, it remains liable, jointly and severally, to the United States in the amount of $556,397.90, plus statutory additions from and after May 6, 2019.

21. An installment agreement was requested for the 941 quarterly period ending December 31, 2008, and was terminated by the IRS on September 30, 2013.

22. Although a proceeding in court must generally be commenced within ten years after the assessment of a tax, this action has been timely commenced under 26 U.S.C. § 6502 because the statute of limitations was tolled pursuant to 26 U.S.C. §§ 6331(i) and (k) for the 941 quarterly period ending December 31, 2008.

WHEREFORE, the plaintiff United States of America respectfully requests that the Court:

A. Find that Black Tie Tuxes, Inc., Kenneth W. Blank, and Samuel J. Carlson have engaged in and are continuing to engage in conduct that interferes with the enforcement of the internal revenue laws:

B. Find that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary and appropriate to prevent Black Tie Tuxes, Inc. from interfering with the enforcement of the internal revenue laws;

C. Enter an injunction, pursuant to 26 U.S.C. § 7402(a) and the Court's inherent equity powers, ordering that:

    1. Black Tie Tuxes, Inc., Kenneth W. Blank, and Samuel J. Carlson shall cause Black Tie Tuxes, Inc. (and any other employer entity that Kenneth W. Blank or Samuel J. Carlson controls or comes to control) to withhold from each employee's paycheck an appropriate amount of income taxes and the employee portion of the FICA and Medicare taxes;

    2. Black Tie Tuxes, Inc., Kenneth W. Blank, and Samuel J. Carlson shall cause Black Tie Tuxes, Inc. (and any other employer entity that Kenneth W. Blank or Samuel J. Carlson controls or comes to control) to timely deposit withheld employee income tax, withheld employee FICA and Medicare taxes, and employer FICA and Medicare taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

    3. Black Tie Tuxes, Inc., Kenneth W. Blank, and Samuel J. Carlson shall cause Black Tie Tuxes, Inc. (and any other employer entity that Kenneth W. Blank or Samuel J. Carlson controls or comes to control) to timely deposit FUTA taxes in an

appropriate federal depository bank each quarter in accordance with federal deposit regulations;

4. Kenneth W. Blank and Samuel J. Carlson shall sign and deliver to a designated IRS revenue officer or other representative or to such specific location as the IRS may deem appropriate, on the first day of each month, an affidavit stating that the required federal income taxes, FICA and Medicare taxes, and FUTA taxes were fully and timely deposited for each pay period during the prior month and shall provide a receipt showing the same;

5. Kenneth W. Blank and Samuel J. Carlson shall cause Black Tie Tuxes, Inc. (and any other employer entity that Kenneth W. Blank or Samuel J. Carlson controls or comes to control) to timely file Form 941 employment tax returns and Form 940 unemployment tax returns that come due after the date of the injunction, and Kenneth W. Blank and Samuel J. Carlson shall provide a copy of each filed return to a designated IRS revenue officer, in such manner as the IRS deems appropriate, within five days of filing;

6. Black Tie Tuxes, Inc., Kenneth W. Blank, and Samuel J. Carlson shall cause Black Tie Tuxes, Inc. (and any other employer entity that Kenneth W. Blank or Samuel J. Carlson controls or comes to control) to timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

7. Black Tie Tuxes, Inc., Kenneth W. Blank, and Samuel J. Carlson are enjoined from paying other creditors of Black Tie Tuxes, Inc. or from transferring, disbursing, or assigning any money, property, or assets of Black Tie Tuxes, Inc. after the date of the injunction order until after such time as the required deposits described in

paragraphs C.1 and C.2 and any liabilities described in paragraph C.6 have been paid in full for any tax period ending after the injunction is issued;

      8.     Kenneth W. Blank and Samuel J. Carlson are enjoined from assigning and/or transferring money or property to any other entity to have that entity pay the salaries or wages of Black Tie Tuxes, Inc. employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

      9.     Black Tie Tuxes, Inc., Kenneth W. Blank, and Samuel J. Carlson shall permit a representative from the Internal Revenue Service to inspect Black Tie Tuxes, Inc.'s books and records periodically, with two days' notice of each inspection;

      10.    For the five-year period beginning on the date this injunction order is entered, Kenneth W. Blank and Samuel J. Carlson shall notify in writing such representative as the IRS designates, if either of them intends to or does form, incorporate, own, or work in a managerial capacity for another business entity. Regardless of such notification, the preceding subparagraphs of this paragraph C. shall apply to any employer entity controlled by Kenneth W. Blank or Samuel J. Carlson;

D. Retain jurisdiction over this case for a five-year period to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance;

E. Order that if Black Tie Tuxes, Inc., Kenneth W. Blank, or Samuel J. Carlson violate any term of this injunction, then counsel for the United States shall send the defendants written notice of the violation, and the defendants shall have 10 days after notification is sent to cure the violation;

      1.     A "cure" for the violation includes making a late tax deposit and all accruals on such tax, paying delinquent tax shown on a return and all accruals on such tax, filing a delinquent tax return, and providing a delinquent notification to the designated IRS revenue officer;

      2.     If counsel for the United States has sent the defendants three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation;

      3.     If any violation is not cured within ten days of notification or if after the third notification followed by cures the United States becomes aware of a new violation by the defendants, then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why Black Tie Tuxes, Inc., or Kenneth W. Blank, or Samuel J. Carlson should not be held in contempt of this injunction and why Black Tie Tuxes, Inc. should not be ordered to cease doing business immediately and have its assets liquidated for the benefit of creditors and why Kenneth W. Blank, or Samuel J. Carlson should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment taxes or for filing employment tax returns.

F. Enter judgment in favor of the United States of America and against Black Tie Tuxes, Inc. determining that Black Tie Tuxes, Inc. is liable to the United States in the amount of $556,397.90, plus statutory additions including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, and 28 U.S.C. § 1961(c) that continue to accrue for the unpaid tax liabilities assessed against the defendant Black Tie Tuxes, Inc. for the 34 quarterly

employment tax (Form 941) periods ending between December 31, 2008 and June 30, 2017; the annual employment tax (Form 940) for periods 2008 through 2016; and penalties assessed pursuant to 26 U.S.C. § 6721; and,

G.  The United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

>   RICHARD E. ZUCKERMAN
>   Principal Deputy Assistant Attorney General
>
>   */s/Mary A. Stallings*
>   MARY A. STALLINGS
>   Trial Attorney, Tax Division
>   U.S. Department of Justice
>   P.O. Box 55
>   Washington, D.C. 20044
>   202-616-2604  (v)
>   202-514-5238 (f)
>   Mary.A.Stallings@usdoj.gov

# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS
## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(Except in U.S. plaintiff cases)*

County of Residence of First Listed Defendant _____
*(In U.S. plaintiff cases only)*
Note: In land condemnation cases, use the location of the tract of land involved.

**(c)** Attorneys *(firm name, address, and telephone number)*

Attorneys *(if known)*

## II. BASIS OF JURISDICTION *(Check one box, only.)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government not a party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

| CONTRACT | TORTS | | PRISONER PETITIONS | LABOR | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 510 Motions to Vacate Sentence 530 General | ☐ 710 Fair Labor Standards Act | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 530 General | ☐ 535 Death Penalty | ☐ 720 Labor/Management Relations | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **Habeas Corpus:** | ☐ 740 Railway Labor Act | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 540 Mandamus & Other | ☐ 751 Family and Medical Leave Act | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 555 Prison Condition | ☐ 791 Employee Retirement Income Security Act | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 560 Civil Detainee – Conditions of Confinement | | ☐ 460 Deportation |
| ☐ 153 Recovery of Veteran's Benefits | ☐ 350 Motor Vehicle | | | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** | | **PROPERTY RIGHTS** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 370 Other Fraud | | ☐ 820 Copyrights | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 371 Truth in Lending | | ☐ 830 Patent | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 380 Other Personal Property Damage | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 385 Property Damage Product Liability | | ☐ 840 Trademark | ☐ 890 Other Statutory Actions |
| | | | | | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **SOCIAL SECURITY** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 861 HIA (1395ff) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | | | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **IMMIGRATION** | | ☐ 864 SSID Title XVI | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 462 Naturalization Application | | ☐ 865 RSI (405(g)) | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | **FEDERAL TAXES** | |
| | ☐ 448 Education | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Check one box, only.)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation
- [ ] 8 Multidistrict Litigation Direct File

## VI. CAUSE OF ACTION *(Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)*

## VII. PREVIOUS BANKRUPTCY MATTERS *(For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)*

## VIII. REQUESTED IN COMPLAINT:
☐ Check if this is a **class action** Under rule 23, F.R.CV.P. Demand $ _____

Check Yes only if demanded in complaint.
Jury Demand: ☐ Yes ☐ No

## IX. RELATED CASE(S) IF ANY *(See instructions)*
Judge _____ Case Number _____

## X. Is this a previously dismissed or remanded case? ☐ Yes ☐ No If yes, Case # _____ Name of Judge _____

Date _____ Signature of attorney of record _____

INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44
Authority for Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.**   **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b)  County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of  filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c)  Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an  attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are  included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; NOTE: federal question actions take  precedence over diversity cases.)

**III.**   **Residence (citizenship) of Principal Parties**. This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**   **Origin**. Place an "X" in one of the six boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**   **Previous Bankruptcy Matters**  For nature of suit 422 and 423 enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this court. Use a separate attachment if necessary.

**VIII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P. Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

 **IX.**   **Related Cases**. This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**X.**   **Refiling Information.** Place an "X" in the Yes box if the case is being refiled or if it is a remanded case, and indicate the case number and name of judge. If this case is not being refiled or has not been remanded, place an "X" in the No box.

   **Date and Attorney Signature.** Date and sign the civil cover sheet.